**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

YVETTE JOHNSON,

     Plaintiff,

v.                               CIVIL ACTION NO.:

THE HIGBEE COMPANY, LLC
d/b/a/ DILLARD'S

     Defendant.
_____/

## **COMPLAINT**

Plaintiff, YVETTE JOHNSON, (hereinafter referred to as the "Plaintiff" or "Hammonds"), by and through her undersigned attorney, sues defendants, The Higbee Company, LLC. d/b/a Dillard's (hereinafter, "Defendant" or "Dillard's") and alleges as follows:

### *JURISDICTION AND VENUE*

1. Plaintiff brings this is an action to remedy discrimination on the basis of race, disability and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, the Civil Rights Act of 1991, 42 U.S.C. § 1981; Americans with Disabilities Act,

1

(ADA), 42 U.S.C. §§ 12111-12117, 12203; and the Americans with Disabilities Act Amendments of 2008 (ADAA).

2. Jurisdiction is conferred upon the Court pursuant to Section 16(b) of the FLSA, as amended, 29 U.S.C. § 216(b), and the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent to the filing of this suit.

7. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201919376) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 510-

2

202003076) on April 9, 2019. More than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC which was received on April 8, 2020.

## *PARTIES*

8.  Plaintiff is an African American female who worked as a hairstylist at Defendant's Aveda Salon in its Pensacola Cordova Mall location from the date of her hire on July 7, 2015, until her unlawful termination on March 22, 2019.

9.  Defendant, Dillard's, is an American department store chain with approximately 289 stores in 29 states and headquartered in Little Rock, Arkansas. It is not-for-profit company which provides retail merchandise and services in Florida and Escambia County and is an employer within the meaning of the FCRA, Title VII, the ADA and ADAA as it employs in excess of 15 employees.

## *FACTS*

10.  Plaintiff is an African American female.

11.  Plaintiff was employed by Aveda Salon and Dillard's Department Store where she worked in the Aveda Salon within the Dillard's Department Store as a professional hairstylist from July 7, 2015, until her unlawful termination on March 22, 2019.

...

12. Plaintiff performed the duties of this position in a more than satisfactory manner.

13. Plaintiff was one of only two African Americans and one Hispanic employed by Dillard's/Aveda in the Pensacola Cordova Mall Salon.

14. In September 2018, Ms. Shanda West became the Dillard's/Aveda in the Pensacola Cordova Mall Salon manager.

15. Once Ms. West became the salon manager she started to target Plaintiff and the other minority hairstylists.

16. Plaintiff worked for Dillard's/Aveda for four (4) years without any type of write-up or disciplinary action.

17. Since Ms. West's arrival, she has treated the other Caucasian employees more favorably by allowing them to get away with things in the salon for which she disciplined Plaintiff and the other minority employees but not the Caucasian employees.

18. On March 22, 2019, Plaintiff received two (2) write-ups in one day,

19. The reasons for the write ups were not true and fabricated by Ms. West.

20. Ms. West used these two write ups from the same day to terminate Plaintiff.

21. Ms. West has treated of other minorities in a similar fashion as

Plaintiff.

22.     Ms. Jessica Rosado (Hispanic), who had worked for Defendant for over two (2) years before Ms. West's arrival was also terminated by Ms. West shortly before Plaintiff's employment had been terminated.

23.     In July of 2016, Plaintiff suffered a workplace injury to her right hand.

24.     Plaintiff has had severe pain in that hand since the injury and was allowed to take breaks or not work at times because of the in her hand pain prior to Ms. West become the salon manager.

25.     Shortly after her hire in September, 2018, Ms. West became aware of Plaintiff's injury and would not allow Plaintiff to take breaks and would reprimand her for not being able to work because of the pain in her hand.

26.     Defendant had knowledge of Plaintiff's injury and disability to her hand since before Ms. West started with the company and when Plaintiff informed Ms. West of the her injured hand and disability.

27.     Plaintiff is a qualified individual with a disability:

    (a)     she has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility;

    (b)     Plaintiff was at the time of her termination under the

treatment of a doctor for the care and treatment of her physical disability;

(c) she has a record of such impairment; and;

(d) she was regarded (perceived or otherwise) by Defendant as having such impairments.

28. Plaintiff's disabilities substantially affected the major life activities of concentration and mobility.

29. Plaintiff had the ability to perform the essential functions of her position and did so without incident until her termination on March 22, 2019.

## *FIRST CAUSE OF ACTION*
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 of this complaint with the same force and effect as if set forth herein.

31. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

32. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
*(RACE RETALIATION - FEDERAL CLAIM - 42 U.S.C. § 1981)*

33.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 of this complaint with the same force and effect as if set forth herein.

34.     Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

35.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION
*(RACE DISCRIMINATION- FEDERAL CLAIM – TITLE VII)*

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 of this complaint with the same force and effect as if set forth herein.

37.     Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

38.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
*(RACE RETALIATION - FEDERAL CLAIM – TITLE VII)*

39.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 of this complaint with the same force and effect as if set forth herein.

40.   Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of her national origin in violation of Title VII.

41.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FIFTH CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

42.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 29 of this complaint with the same force and effect as if set forth herein.

43.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

44. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

45. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

46. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

47. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

48. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the

wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

49. As a result of being wrongfully and unlawfully retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

50. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

51. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### SIXTH CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 29 of this complaint with the same force and effect as if set forth herein.

53. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of her employment with

Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

54. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

55. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

56. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

57. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

58. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

59. As a result of Defendant's wrongful and unlawfully retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

60. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

61. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SEVENTH CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

62. Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 1 through 29 of this complaint with the same force and effect as if set forth herein.

63. Defendant discriminated against Plaintiff on the basis of her disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

64. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

65. At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

66. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

67. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

68.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to her discharge from Defendant's employment.

69.     As a result of being wrongfully and unlawfully discriminated against that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

70.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

71.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

### EIGHTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

72.     Plaintiff repeats and re-alleges each and every allegation contained

in paragraph 1 through 29 of this complaint with the same force and effect as if set forth herein.

73. This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

74. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

75. At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

76. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity and for any actual or perceived disability.

77. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

78. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

79. As a result of Defendant's wrongful , and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

80. Plaintiff has retained the undersigned attorney to assist her in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

81. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)   Declaring the acts and practices complained of herein are in violation of Title VII, FCRA, 42 U.S.C. § 1981, ADA and ADAA.

b)   Enjoining and permanently restraining those violations of Title VII, FCRA, 42 U.S.C. § 1981, ADA and ADAA.

c)   Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)   Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)   Awarding Plaintiff Front Pay in lieu of reinstatement;

f)   Awarding Plaintiff compensatory damages;

g)   Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)   Granting such other and further relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,

Plaintiff demands a trial by jury in this action.

                                              Respectfully submitted,

Dated: May 29, 2020.        By: */s/ Clayton M. Connors*
                                              CLAYTON M. CONNORS
                                              Florida Bar No.: 0095553
                                              Email: cmc@westconlaw.com
                                              **WESTBERRY & CONNORS, LLC.**
                                              4400 Bayou Blvd., Suite 32A
                                              Pensacola, Florida 32503
                                              Tel:  (850) 473-0401
                                              Fax: (850) 473-1388

                                              Attorney for the Plaintiff:
                                              Yvette Johnson